IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. M. P.,                                          :
                              Petitioner           :
                                                   :
        v.                                         :        No. 93 M.D. 2022
                                                   :        Submitted: April 14, 2023
Pennsylvania State Police,                         :
                              Respondent           :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                              FILED: August 24, 2023


        J. M. P. (Petitioner), currently incarcerated at the State Correctional
Institution at Forest (SCI-Forest), has filed *pro se* a petition for review in this Court's
original jurisdiction, asserting that the Pennsylvania State Police (PSP) delayed
removing his name and identifying information from Pennsylvania's online sex
offender registry.   In response, PSP has filed preliminary objections, asserting
sovereign immunity and failure to state a claim.   After review, it is clear that
Petitioner seeks monetary damages for claims that sound in trespass.   Accordingly,
we lack jurisdiction to consider the petition for review and transfer this matter to the
Court of Common Pleas of Forest County.[1]

_____

[1] We take judicial notice of the fact that SCI-Forest is located in Forest County.  *See* Pa.
Dep't of Corr., SCI-Forest, https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Forest.aspx (last
accessed 8/23/2023); Pa.R.E. 201(b) ("The court may judicially notice a fact that is not subject to
reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction;
or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably
be questioned.").

# I. BACKGROUND[2]

At one time, Petitioner was subject to a lifetime requirement to register as a sex offender.[3] PSP maintains a publicly accessible Internet registry providing information regarding convicted sex offenders. The registry included information related to Petitioner's registration.

On March 11, 2020, pursuant to the parties' agreement and our Superior Court's decision in *Commonwealth v. Haines*, 222 A.3d 756 (Pa. Super. 2020),[4] the Court of Common Pleas of Mercer County struck Petitioner's lifetime registration requirement. Nevertheless, PSP failed to remove his name and identifying information from the registry for 351 days.

On March 4, 2022, Petitioner commenced this action, asserting negligence, defamation, and a violation of his constitutional right to reputation. For these harms, Petitioner seeks $8 million dollars in damages.[5] In response, PSP filed preliminary objections, asserting sovereign immunity and failure to state a claim. *See* Prelim. Objs., 3/23/22. Thereafter, Petitioner filed a motion to dismiss PSP's preliminary objections. Pet'r's Mot. to Dismiss, dated 4/21/22.

---

[2] We derive the following facts, which we accept as true for purposes of this disposition, from Petitioner's petition and its attached exhibit. *See* Pet. for Rev., 3/4/22. *See also Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019) (observing that courts reviewing preliminary objections may not only consider the facts pleaded in the petition for review, but also any documents or exhibits attached to it).

[3] *See* Sexual Offender Registration and Notification Act (SORNA II), Act of February 21, 2018, P.L. 27, No. 10 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

[4] Our Supreme Court held in *In re J.B.*, 107 A.3d 1, 20 (Pa. 2014), that the lifetime registration requirement for sex offenders was unconstitutional as applied to juveniles. The *Haines* Court extended *J.B.*'s holding by concluding that an adult convicted in a criminal court for acts committed as a juvenile is not required to register as a sex offender under SORNA. *Haines*, 222 A.3d. at 759.

[5] Petitioner was granted leave to proceed *in forma pauperis*. Cmwlth. Ct. Order, 3/30/22.

## II. ISSUES

PSP asserts that it is entitled to sovereign immunity. Prelim. Objs., ¶¶ 4-7.[6] Further, according to PSP, Petitioner has failed to state a claim because Pennsylvania law does not permit the award of money damages for a violation of the Pennsylvania Constitution. *Id.*, ¶¶ 8-10.

## III. DISCUSSION

Preliminarily, we address our jurisdiction to consider Petitioner's claims.[7] Generally, the Commonwealth Court has original jurisdiction in cases asserted against "the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S. § 761(a)(1). However, there are exceptions to this general rule. For example, it is well settled that "all actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability fall outside the scope of the Commonwealth Court's original jurisdiction and are properly commenced in the courts of common pleas." *Stackhouse v. Pa. State Police,* 832 A.2d 1004, 1008 (Pa. 2003) (plurality) (citation omitted); *see* 42 Pa.C.S. § 761(a)(1)(v) (excluding "actions or proceedings in the nature of trespass" from our original jurisdiction).[8] This exception also encompasses "statutory claims such as 42 U.S.C. §§ 1983 and 1985" because "the plaintiff seeks

---

[6] Although sovereign immunity is an affirmative defense, a party may raise it "as a preliminary objection where it is clearly applicable on the face of the complaint . . . ." *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014)

[7] PSP has not challenged our jurisdiction. Nevertheless, we may address our jurisdiction *sua sponte*. *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 n.2 (Pa. Cmwlth. 2002).

[8] An action in trespass seeks "redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant." *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (cleaned up).

the same redress in the form of money for an unlawful injury." *Hill v. Pa. Dep't of Env't Prot.*, 679 A.2d 773, 774 (Pa. 1996) (citation omitted).[9]

Here, Petitioner asserts that PSP delayed in removing his name and identifying information from the sex offender registry for nearly a year, despite a court order clearly directing the removal. According to Petitioner, this negligent and wanton disregard harmed him, and for that harm he seeks money damages. There can be no doubt that Petitioner's claims sound in trespass and fall outside this Court's original jurisdiction. *See Stackhouse*, 832 A.2d at 1008 (concluding that monetary compensation sought for alleged improper invasion of privacy and reputational interests deprived the Commonwealth Court of jurisdiction); *Balshy*, 490 A.2d at 420.

## IV. CONCLUSION

For the reasons set forth above, we lack original jurisdiction to consider this petition for review and, therefore, transfer it to the Court of Common Pleas of Forest County for disposition, which shall treat it as a complaint filed in its original jurisdiction. *Stedman v. Lancaster Cnty. Bd. of Comm'rs*, 221 A.3d 747, 760-61 (Pa. Cmwlth. 2019) (*en banc*); 42 Pa.C.S. § 5103(a). Upon that court's receipt of the record, that court shall resolve PSP's preliminary objections and Petitioner's motion to dismiss.

LORI A. DUMAS, Judge

---

[9] This Court retains ancillary jurisdiction over such claims if they are related to a claim within this Court's exclusive, original jurisdiction. 42 Pa.C.S. § 761(c). Here, the sole relief sought by Petitioner is monetary damages for an alleged trespass; thus, we need not consider whether we have ancillary jurisdiction over this matter. Nevertheless, we note that the mere inclusion of claims for declaratory or injunctive relief, particularly where "premised upon the same events," does not "transform a [petition] from one sounding in trespass into the type of matter . . . belonging within the Commonwealth Court's original jurisdiction." *Stackhouse*, 832 A.2d at 1008; *see also Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. M. P.,                              :
               Petitioner    :
                                   :
           v.                        :   No. 93 M.D. 2022
                                   :
Pennsylvania State Police,             :
             Respondent    :

## O R D E R

AND NOW, this 24th day of August, 2023, it is hereby ORDERED that Petitioner J. M. P.'s Petition for Review is TRANSFERRED to the Court of Common Pleas of Forest County (Common Pleas), because this Court lacks original jurisdiction.

The Commonwealth Court's Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' Prothonotary, together with a copy of this opinion and order, as well as a certified copy of this matter's docket entries. Subsequent to transfer, the assigned Common Pleas judge shall rule upon the Pennsylvania State Police's unresolved Preliminary Objections as well as Petitioner's Motion to Dismiss.

                                   _____

                                   LORI A. DUMAS, Judge