# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Landon W. Thomas,                         :
                  Petitioner          :
                                    :
                                    :   No.  256 M.D. 2023
               v.              :
                                    :   Submitted:  July 5, 2024
Pennsylvania Department of               :
Corrections; Superintendent              :
Kleinfelter; Major Barrows; Unit         :
Manager Mowrey,                          :
                  Respondents          :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                              **FILED:  April 14, 2025**

        Landon W. Thomas (Petitioner), an inmate who is currently incarcerated within our Commonwealth's prison system, has filed a petition for review (PFR) in this Court's original jurisdiction.  Therein, Petitioner asserts that Respondents Pennsylvania Department of Corrections, Superintendent Kleinfelter, Major Barrows, and Unit Manager Mowrey (collectively Respondents) violated his First Amendment[1] rights by retaliating against him after he filed two administrative complaints against prison staff at the State Correctional Institution at Houtzdale (SCI Houtzdale).  Respondents now challenge the PFR via preliminary objections,

---

[1] U.S. Const. amend. I.

through which they demur to Petitioner's claims. Upon review, we *sua sponte* conclude we lack jurisdiction to consider the PFR and consequently transfer this matter to the Court of Common Pleas of Clearfield County (Common Pleas) for disposition.[2]

## I. BACKGROUND[3]

Petitioner bases this action upon Respondents' treatment of him after he filed two administrative complaints, the first regarding a sexual assault allegedly perpetrated against him by a correctional officer, and the second about alleged staff complicity in allowing white supremacist inmates to exert control over the prison's Veteran's Service Unit (VSU).[4]

With regard to the first administrative complaint, Petitioner was leaving the VSU's yard on July 5, 2021, when C.O. Smith "purposefully struck" Petitioner's genitals while conducting a security search and pat down. PFR, ¶3. Petitioner took great offense and told C.O. Smith "that he should 'fuck him up,'" but decided to

---

[2] We take judicial notice of the fact that SCI Houtzdale is located in Clearfield County. *See* COM. OF PA., SCI Houtzdale, https://www.pa.gov/agencies/cor/state-prisons/sci-houtzdale.html (last accessed April 8, 2025); Pa.R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[3] We have derived this section's substance from the facts averred by Petitioner in his PFR, as well as the documents attached as exhibits thereto. *See generally* PFR, 5/24/23.

[4]        A VSU is a transitional housing unit, designed specifically for incarcerated veterans that prepares them for successful reentry back into their respective communities. These specialized units provide veteran-specific workshops and services to include acquiring a DD214, forms of identification, life skills, discussion groups, substance abuse programs, home/employment plans, education/vocational programs, mental health services and assistance with VA benefits and services.

COM. OF PA., Veterans Services, https://www.pa.gov/agencies/cor/programs/bureau-of-reentry-coordination/veterans-services.html (last accessed April 8, 2025).

report the assault to SCI Houtzdale staff instead of carrying out that threat. *Id.* About a half hour later, C.O. Smith conducted a "random cell search" of Petitioner's living area and then issued Petitioner a misconduct for possession of contraband, altering property, and loaning or borrowing property.[5] *Id.*, ¶4.

Immediately thereafter, Petitioner reported C.O. Smith's sexual assault to SCI Houtzdale staff members, who did nothing in response to Petitioner's report. This prompted Petitioner to file a formal complaint pursuant to the Prison Rape Elimination Act of 2003 (PREA)[6] on July 8, 2021. The following day, SCI Houtzdale staff presented Petitioner with an offer to informally resolve his misconduct. Petitioner declined the offer, requested a formal resolution before a hearing examiner, and subsequently pleaded guilty to the charges in the misconduct report on July 14, 2021, albeit under protest. As a result, Petitioner had to move off the VSU, forfeited the seized property, lost commissary privileges for 30 days, and lost his job in the VSU's leadership structure. On August 22, 2021, Petitioner received a second misconduct, through which he was charged with lying about being sexually assaulted by C.O. Smith. A formal hearing was held regarding that misconduct citation, resulting in the hearing examiner dismissing it without prejudice. Petitioner eventually returned to the VSU in September 2021, at which point he was assigned a block janitor job that paid less than his previous job on the unit.

Petitioner's second administrative complaint arose from Unit Manager Mowrey's June 17, 2022 directive ordering that Petitioner be moved from the VSU to another housing unit at SCI Houtzdale. A few days later, Petitioner filed an inmate

_____

[5] The items found in Petitioner's possession were 15 extra ice cream tickets, a pair of altered sweat shorts, and various eating utensils. *See* PFR, Ex. A.

[6] 34 U.S.C. §§ 30301-30309.

3

grievance against Mowrey, in which Petitioner alleged that white supremacist inmates effectively controlled the VSU, which fostered "a racist atmosphere" that Mowrey had been "complicit" in creating. *Id.*, ¶15, Ex. G. Major Barrows subsequently met with Petitioner on June 22, 2022, and informed him that he would be able to return to the VSU more quickly if he withdrew his grievance. Petitioner declined the offer and told Barrows that he would drop the issue once Barrows responded to the grievance. Barrows then denied Petitioner's grievance on June 30, 2023. Nearly three months later, on September 20, 2023, Petitioner was transferred to the State Correctional Institution at Huntingdon for the purpose of "population reduction" at SCI Houtzdale. *Id.*, ¶17. Petitioner was the only inmate from SCI Houtzdale's VSU who was moved during that transfer to a correctional facility that did not also have a VSU.

Thereafter, Petitioner filed the instant PFR with our Court, in which he alleges that Respondents had violated the First Amendment by retaliating against him on account of his PREA complaint against C.O. Smith and his inmate grievance against Unit Manager Mowrey. Accordingly, he requests that we direct Respondents to return him to the VSU at SCI Houtzdale or transfer him to another correctional facility's VSU. In addition, Petitioner requests that we order Respondents to cover the cost of transferring his personal property to the next facility; reimburse him for the cost of moving his property from SCI Houtzdale to SCI Huntingdon; and restore his "institutional pay from July 14, 2021[,] to the present with all back pay due[,] including incremental pay raises for 60[-]day promotions." *Id.*, Requested Relief. Respondents now challenge the PFR via preliminary objections, through which they demur to Petitioner's claims.

## II. DISCUSSION

Under normal circumstances, we would consider the merits of Respondents' preliminary objections. However, we cannot do so in this instance because we lack original or ancillary jurisdiction to consider this matter.[7]

Per Section 761(a) of the Judicial Code, our Court has original jurisdiction over the vast majority of civil matters against the Commonwealth government and its officers, but not those which sound in trespass or related assumpsit actions. 42 Pa.C.S. § 761(a)(1)(v).[8] "An action in trespass . . . lie[s] 'for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant.'" *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (quoting Black's Law Dictionary 1674 (4th rev. ed. 1968)). To that end, "all actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability fall outside the scope of the Commonwealth Court's original

---

[7] We note that Respondents have not challenged our jurisdiction over this matter. Nevertheless, this does not impede our authority to address the jurisdictional defects present here, as "questions of jurisdiction can never be waived, and may be raised at any time by the parties or *sua sponte* by [the] court." *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 (Pa. Cmwlth. 2002).

[8] Section 761(a) of the Judicial Code states, in relevant part:

> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
> >
> > . . . .
> >
> > > (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. § 761(a)(1), (1)(v).

5

jurisdiction and are properly commenced in the courts of common pleas." *Stackhouse v. Com.*, 832 A.2d 1004, 1008 (Pa. 2003).

However, suits against the Commonwealth government or its officials that seek purely declaratory relief or an injunction restraining government action are not in the nature of trespass and, thus, may fit within the scope of our original jurisdiction. *Fawber v. Cohen*, 532 A.2d 429, 433 (Pa. 1987). Furthermore, Section 761(c) of the Judicial Code provides that, "[t]o the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa. C.S. § 761(c). In sum, actions in the nature of trespass are expressly excluded from our original jurisdiction and therefore stand outside our ancillary jurisdiction as well, unless such an action relates to another articulated claim that does fall within the scope of our original jurisdiction. *Id.*, § 761(a)(1)(v), (c).

Here, Petitioner seeks, in relevant part, compensation for moving costs he has incurred, as well as nearly four years of back pay, on account of Respondents' alleged violations of his First Amendment rights. *See* PFR, Requested Relief. Given this, we conclude that Petitioner seeks monetary damages pursuant to 42 U.S.C. § 1983.[9] "A statutory claim like Section 1983 is excluded from [our] original jurisdiction because in both an action for trespass and a Section 1983 action for monetary damages, the plaintiff [or petitioner] seeks the same redress in the form of money for an unlawful injury." *Hill v. Pa. Dep't of Env't Prot.*, 679 A.2d 773, 774

---

[9] Enacted as part of the Civil Rights Act of 1871, this statute allows individuals to sue a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.

6

(Pa. 1996). Additionally, we note that Petitioner has declared that his aforementioned request to be transferred to a VSU is now moot, due to the fact that the Pennsylvania Department of Corrections moved him to the State Correctional Institution at Dallas' VSU after the commencement of this litigation. *See* Pet'r's Br. in Opposition to Resp'ts' Prelim. Objs. at 16-17. As such, we are without authority to adjudicate his action as an original jurisdiction matter or pursuant to our powers of ancillary jurisdiction.[10]

### III. CONCLUSION

In line with the foregoing analysis, we conclude that we lack jurisdiction to consider the merits of Petitioner's claim against Respondents. Rather than dismiss his action outright, however, we will transfer it to Common Pleas, which shall treat his petition as a complaint filed in its original jurisdiction. *Stedman v. Lancaster Cnty. Bd. of Comm'rs*, 221 A.3d 747, 760-61 (Pa. Cmwlth. 2019); 42 Pa.C.S. § 5103(a); Pa.R.A.P. 751; *see* PA. CONST. art. V, § 5(b) (our courts of common pleas "hav[e] unlimited original jurisdiction in all cases except as may otherwise be provided by law"). Subsequent to transfer, the assigned Common Pleas judge shall rule upon Respondents' preliminary objections.

_____
**LORI A. DUMAS, Judge**

---

[10] Furthermore, we lack appellate jurisdiction over the PFR, insofar as Petitioner's claims could conceivably be construed as a direct challenge to Respondents' handling of his administrative complaints. *See Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 359 (Pa. 1998).

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Landon W. Thomas, | : | |
| Petitioner | : | |
| | : | No. 256 M.D. 2023 |
| v. | : | |
| | : | |
| Pennsylvania Department of | : | |
| Corrections; Superintendent | : | |
| Kleinfelter; Major Barrows; Unit | : | |
| Manager Mowrey, | : | |
| Respondents | : | |

## **O R D E R**

AND NOW, this 14th day of April, 2025, it is hereby ORDERED that Petitioner Landon W. Thomas' Petition for Review is TRANSFERRED to the Court of Common Pleas of Clearfield County (Common Pleas), due to lack of jurisdiction.

The Commonwealth Court's Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' Prothonotary, together with a copy of this opinion and order, as well as a copy of this matter's docket entries. Subsequent to transfer, the assigned Common Pleas judge shall rule upon the preliminary objections filed by Respondents Pennsylvania Department of Corrections, Superintendent Kleinfelter, Major Barrows, and Unit Manager Mowrey within 45 days of the transmission of the documents listed above.

_____
**LORI A. DUMAS, Judge**