IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joyce Lynn Hawkins,       :
           Petitioner     :
            :
      v.           :
            :
Adult Probation & Collections Unit,     :
Commonwealth of Pennsylvania     :
Department of Corrections,     :    No. 404 M.D. 2023
         Respondents   :    Submitted: November 6, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION[1]
BY JUDGE FIZZANO CANNON             FILED: May 15, 2025

Petitioner, Joyce Lynn Hawkins (Hawkins), seeks relief from this Court in our original jurisdiction, asserting that the portion of her 2015 criminal sentence ordering restitution was illegal. Currently before the Court for disposition are preliminary objections filed by Respondent, Commonwealth of Pennsylvania

---

[1] Because the vote of the commissioned judges was evenly divided, this opinion is filed "as circulated" pursuant to Section 256(b) of the Court's Internal Operating Procedures, 210 Pa. Code §69.256(b). *McLinko v. Commonwealth*, 270 A.3d 1278, 1280 n.1 (Pa. Cmwlth. 2022).

Department of Corrections (DOC),[2] demurring to the petition for review (Petition)[3] on the basis that the Petition constitutes an improper collateral attack on Hawkins's conviction because such challenges are exclusively governed by proceedings in the sentencing court under the Post Conviction Relief Act (PCRA).[4]  For the reasons discussed below, this Court will sustain the DOC's demurrer and transfer the Petition to the sentencing court.

## I. Background

In October 2014, Hawkins pleaded guilty to theft after misappropriating funds from her employer.  Pet. at 3.  Her February 2015 sentence included an order to pay restitution of $1,038,183.00.  *Id.*  Hawkins asserts that her appeal rights ended in 2015 and that she has been paying restitution pursuant to her sentence.  *Id.*

On October 21, 2019, the Pennsylvania Superior Court issued its decision in *Commonwealth v. Hunt*, 220 A.3d 582 (Pa. Super. 2019).[5]  In *Hunt*, the Superior Court concluded that a sentence of restitution under Section 1106(a) of the Crimes Code, 18 Pa.C.S. § 1106(a), could not be imposed in favor of a business entity because the applicable statutory provision defining victims entitled to restitution under a criminal sentence did not include business entities.  *Hunt*, 220

---

[2] The other Respondent in the case, Chester County's Adult Probation & Collections Unit (County Probation), was dismissed from the action previously, as explained below.

[3] Hawkins originally filed a civil complaint in the Chester County Court of Common Pleas (Common Pleas Court), which that court transferred to this Court, as explained below.  Pursuant to this Court's order dated October 16, 2023, the transferred complaint is treated as a petition for review in this Court's original jurisdiction.

[4] 42 Pa.C.S. §§ 9541-9546.

[5] This Court is not bound by decisions of the Superior Court, but we may cite them as persuasive authority where they address analogous issues.  *See Hill v. Governor of Commonwealth*, 309 A.3d 238, 245 n.12 (Pa. Cmwlth. 2024).

A.3d at 591.  The Superior Court acknowledged that a 2018 statutory amendment had expanded the definition of a "victim" to include a business entity.  *See* Section 1106(c)(1)(ii)(G) of the Crimes Code, 18 Pa.C.S. § 1106(c)(1)(ii)(G) (listing a "business entity" on the prioritization of victims to receive restitution); *see also* Section 1106(h) of the Crimes Code, 18 Pa.C.S. § 1106(h) (defining a "[v]ictim" as including "any business entity").  However, because the previous version of the statute was in effect at all times pertinent to the defendant/appellant's arrest and conviction and there was no indication that the amendment was intended to apply retroactively, the previous version of the statute, which did not include business entities in its definition of victims, applied.  *Hunt*, 220 A.3d at 587.

Hawkins filed her civil complaint with the Common Pleas Court on July 16, 2022, naming County Probation and the DOC as defendants.  *See* Pet. at 1 (time stamp).  Relying on *Hunt*, Hawkins asserted that the restitution segment of her criminal sentence was illegal because her employer was a business entity and, therefore, not a "victim" that Hawkins could be ordered to reimburse as part of her sentence.[6]  Pet. at 3-4.  Hawkins sought declaratory and injunctive relief to invalidate her restitution sentence and to prevent further enforcement of the restitution sentence; she also sought an award of attorneys' fees and costs.  *Id.* at 9.

The DOC filed preliminary objections in the Common Pleas Court that included both a jurisdictional challenge and a demurrer.[7]  *See Hawkins v. Adult Prob.*

---

[6] Section 1106(g) of the Crimes Code provides that an order of mandatory restitution as part of a criminal sentence does not prevent a person or entity against which a crime has been committed from seeking recovery of a resulting loss from the perpetrator directly in civil court. 18 Pa.C.S. § 1106(g).

[7] County Probation also filed preliminary objections in the Common Pleas Court.  County Probation's preliminary objections are not contained in the record before this Court, but the DOC's

*& Enforcement Unit* (C.P. Chester Cnty., No. 2022-04223-IR) (*Hawkins I*), Defendant DOC's Preliminary Objections (filed July 26, 2022) (DOC Common Pleas POs). In its jurisdictional challenge, the DOC asserted that this Court has exclusive original jurisdiction over claims related to deductions of restitution costs. *Id.* at 2. In its two-pronged demurrer, the DOC asserted, as an alternative to transferring the action pursuant to the jurisdictional challenge, that the Common Pleas Court could decline to transfer the case to this Court and could instead dismiss the action on the basis that this Court would not be able to grant relief in any event. First, the DOC averred that the case against it was moot because Hawkins is no longer in DOC custody and is not subject to deductions by the DOC from her inmate account. *Id.* at 2-3. Second, the DOC posited that Hawkins's claim constituted a collateral attack on the legality of her criminal sentence that could be asserted only under the PCRA, not in a separate civil action. *Id.* at 3-4.

By order dated May 26, 2023, the Common Pleas Court sustained the DOC's preliminary objection challenging jurisdiction and agreed that Hawkins's request for declaratory and injunctive relief relating to deductions from her inmate account lay exclusively in this Court's jurisdiction. *Hawkins I* (citing *Commonwealth v. Danysh*, 833 A.2d 151 (Pa. Super. 2003)). The Common Pleas Court therefore transferred the action to this Court. *Hawkins I*.

On October 16, 2023, this Court issued an order stating that it would treat Hawkins's civil complaint in the Common Pleas Court as a petition for review addressed to this Court's original jurisdiction. The order also set a briefing schedule

---

brief before this Court states that the Common Pleas Court sustained County Probation's preliminary objection and dismissed County Probation from the action. DOC Br. at 4-5. Neither Hawkins nor the DOC suggests that any claim against County Probation remains.

relating to the DOC's remaining preliminary objection, the demurrer. The briefs having been filed, this matter is ready for disposition.

## II. Issues

In its preliminary objections before this Court, the DOC renews the arguments it asserted in its demurrer before the Common Pleas Court. The DOC asserts that Hawkins's claim is really a collateral attack on the legality of her criminal sentence that could be asserted only under the PCRA, not in a separate civil action. The DOC also argues that Hawkins's claim against it is moot because she is no longer in DOC custody and, thus, it is no longer deducting funds from her inmate account to apply toward restitution.

Because the DOC's PCRA argument, although it is in the nature of a demurrer, implicates this Court's subject matter jurisdiction, we address it first.

## III. Discussion

Rule 1516(b) of the Pennsylvania Rules of Appellate Procedure authorizes the filing of preliminary objections to an original jurisdiction petition for review in this Court. Pa.R.A.P. 1516(b). In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the Petition and all reasonable inferences deduced from the Petition; however, we need not accept conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Hill v. Governor of Commonwealth*, 309 A.3d 238, 242 (Pa. Cmwlth. 2024) (quoting *McNew v. E. Marlborough Twp.*, 295 A.3d 1, 8-9 (Pa. Cmwlth. 2023)). "A preliminary objection in the nature of a demurrer . . . tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted." *Hill*, 309 A.3d at 242 (quoting *McNew*, 295 A.3d at 8-9).

5

**A. Challenge to the Legality of the Restitution Sentence**

Although couched in terms of declaratory and injunctive relief regarding the DOC's enforcement of restitution payments, the Petition unequivocally demonstrates that Hawkins is mounting a collateral attack on the legality of the restitution sentence. *See* Pet. at 2 (asserting that the DOC is "enforcing [a] faulty judgment[]"), 4 (asserting that "it was contrary to law for the [sentencing] court to order restitution to a victim who is a corporate entity . . ."), 5 (asserting that "[a] judicial declaration invalidating the judgment in regard to the restitution order is necessary and appropriate . . ."), 7-8 (asserting that there was no statutory authority for the restitution sentence), 9 (requesting "[d]eclaratory relief that the judgment entered by the [sentencing c]ourt on February 3, 2015, be ruled as invalid and unenforceable in as far as it orders restitution payments . . ." and "[i]njunctive relief prohibiting [the DOC] from enforcing the judgment of restitution payments . . .").

The legal principles on which Hawkins bases the Petition further clarify that the purport of the Petition is a challenge to the legality of the sentence. As discussed above, Hawkins posits that the governing statute, Section 1106 of the pre-2018 version of the PCRA, former 18 Pa.C.S. § 1106, was in effect at all times pertinent to her crime, conviction, and sentencing. Pet. at 6-7. Former Section 1106 required a sentencing court to order restitution to the victim of a crime as part of the convicted criminal's sentence, but it did not list business entities in its definition of a "victim" for purposes of a restitution sentence. *Former* 18 Pa.C.S. § 1106. In 2018, three years after Hawkins's restitution sentence, Section 1106(h) was amended to include business entities in the definition of victims entitled to restitution as part of a criminal sentence. *See* 18 Pa.C.S. § 1106(h). Hawkins cites and relies on *Hunt*, 220 A.3d 582, in which the Superior Court held that a restitution sentence entered

6

before the 2018 amendment of Section 1106 was illegal because it ordered restitution to a business entity.  Hawkins argues that her restitution sentence was likewise illegal because her former employer was a business entity and former Section 1106 did not authorize a restitution sentence in favor of a business entity in 2015.  Pet. at 6-8.  Thus, it is clear Hawkins is challenging the legality of her restitution sentence.

In its demurrer, the DOC asserts that Hawkins cannot challenge the legality of her sentence in a separate civil action.  We agree.

The PCRA provides the exclusive method for a collateral challenge to the legality of a sentence.  As explained in Section 9542 of the PCRA,

> [the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief.  The action established in [the PCRA] *shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose* that exist when [the PCRA] takes effect, including habeas corpus and coram nobis.  [The PCRA] is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.  Except as specifically provided otherwise, all provisions of [the PCRA] shall apply to capital and noncapital cases.

42 Pa.C.S. § 9542 (emphasis added).  Moreover, this Court has observed that the exclusivity of the PCRA applies "regardless of the manner in which the petition is titled."  *Moss v. SCI – Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1138 (Pa. Cmwlth. 2018).

7

Here, as discussed above, Hawkins is raising a challenge to her sentence. The Petition itself alleges, *inter alia*, that the restitution sentence is a "faulty judgment . . . ," Pet. at 2; that the sentence "was contrary to law . . . ," *id.* at 4; that "[a] judicial declaration invalidating the judgment in regard to the restitution order is necessary and appropriate at this time . . . ," *id.* at 5; that there was no statutory authority for the restitution sentence, *id.* at 7-8; and that Hawkins is seeking an order declaring that the restitution sentence was invalid and unenforceable, *id.* at 9. Thus, it is clear that Hawkins is challenging the legality of the restitution portion of her sentence. That challenge falls squarely within the exclusive purview of the PCRA.

Further, we reject Hawkins's assertion that the DOC is employing "semantics" in arguing that Hawkins is asserting a PCRA claim. Hawkins Br. at 4. In support of this argument, Hawkins maintains that the Petition is more than a challenge to the legality of the restitution sentence because it also "seeks to *correct* that illegal sentence." *Id.* Obviously, any challenge to the legality of a sentence seeks a correction of that sentence; otherwise, the challenge would be pointless. Hawkins, not the DOC, is the party seeking to employ semantics to sidestep the PCRA's limitations.

Section 9545(a) of the PCRA provides, in pertinent part, that "[o]riginal jurisdiction over a proceeding under [the PCRA] shall be in the court of common pleas." 42 Pa.C.S. § 9545(a); *see also Boyd v. Pa.'s Sentencing Scheme for Sentencing 18 Year Old[]s to Mandatory Life without Parole AG*, 311 A.3d 63, 69 (Pa. Cmwlth. 2024) (quoting Section 9545). Because Hawkins's claim is governed by the PCRA, this Court lacks subject matter jurisdiction over it. *See Boyd*, 311

A.3d at 69 (citing *Dockery v. Wolf*, 259 A.3d 566 (Pa. Cmwlth. 2021) and concluding that "this Court lacks jurisdiction to decide this matter . . . )."

Where an action filed in this Court belongs elsewhere, we generally transfer it to the proper court. *Boyd*, 311 A.3d at 69 (citing *Dockery*); *see also* Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a) (stating the general rule that a matter filed in a tribunal lacking jurisdiction will be transferred to the proper tribunal). Here, however, Hawkins initially filed her claim in the Common Pleas Court, which transferred it to this Court. Therefore, we next consider whether a retransfer to the Common Pleas Court is appropriate. For the reasons explained below, we conclude that retransfer is the proper disposition of this matter.

In *Balshy v. Rank*, 490 A.2d 415 (Pa. 1985), our Supreme Court briefly mentioned the issue of retransferring cases. This Court has, on occasion, cited *Balshy* for the general proposition that retransfers are disapproved by the Supreme Court. However, that general statement paints our Supreme Court's comment in *Balshy* with too broad a brush as applied here.

Our Supreme Court recited the course of the multiple transfers in *Balshy* as follows:

> Believing the action to be controlled by [Section] 761(a)(1) of the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, 42 Pa.C.S.[] § 761(a)(1) . . . , which generally vests in Commonwealth Court original jurisdiction of all civil actions against the Commonwealth government and its officers in their official capacity, on April 24, 1981 appellee filed a complaint in trespass in Commonwealth Court. That court, under 42 Pa.C.S.[] § 761(a)(1)(iv) (1981) (since amended), which provided an exception to the jurisdiction of Commonwealth Court in "actions or proceedings in trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity," *sua sponte* transferred the matter to the Court of Common

9

Pleas of Dauphin County. On September 20, 1983, Common Pleas Court ordered the matter retransferred to Commonwealth Court inasmuch as Common Pleas Court could find no exception to the exclusive original jurisdiction of Commonwealth Court under [Section] 761 for civil rights actions. **We disapprove the practice of Courts of Common Pleas refusing jurisdiction and attempting to "*retransfer*" matters to Commonwealth Court.** The proper practice in cases such as this one would be for Common Pleas Court to dismiss the action and for the parties to take an appeal. No appeal was taken. The statute having, in the interim, been amended, Commonwealth Court then reconsidered its original order in light of the amended [Section] 761(a)(1)(v), and **again ordered the matter transferred to Common Pleas Court**. On motion of the Commonwealth, the matter was certified for interlocutory appeal under 42 Pa.C.S.[] § 702.

490 A.2d at 416-17 (bold added; italics original). Notably, our Supreme Court's expression of disapproval was specifically directed at retransfers **by a court of common pleas** where this Court has found that we lack jurisdiction. That the Supreme Court's comment was limited to retransfers **by common pleas** is demonstrated by its disposition of the appeal in *Balshy*, which **affirmed this Court's order transferring the case to common pleas for a second time**. *See id.* at 421. *Balshy*, therefore, does not require this Court to refrain from retransferring this case to the Common Pleas Court. *Accord Valentine v. Lock Haven Univ.*, 36 A.3d 104 (Pa. 2012) (*per curiam* order in an appeal from this Court's dismissal of an action, agreeing with this Court's determination that we lacked original jurisdiction and **remanding to common pleas**) (first citing *Stackhouse v. Pa. State Police*, 832 A.2d 1004 (Pa. 2001); then citing *Hill v. Pa. Dep't of Env't Prot.*, 679 A.2d 773 (Pa. 1996) (*Hill I*); and then citing *Balshy*); *Stackhouse*, 832 A.2d at 1009 (where an action was commenced in a common pleas court and transferred to this Court, which dismissed for lack of jurisdiction rather than retransferring, our Supreme Court agreed that

10

jurisdiction lay in the common pleas court and **remanded to common pleas**); *Hill I*, 679 A.2d at 774 (in an appeal from this Court's dismissal of an action that had been transferred to us by common pleas, agreeing with this Court's determination that we lacked original jurisdiction and **remanding to common pleas**).  Indeed, a rule precluding retransfer to common pleas by this Court would allow a common pleas court to avoid jurisdiction in any case by simply transferring it to this Court, leaving this Court powerless to correct an erroneous transfer.

We recognize that there have been cases in which this Court has dismissed actions rather than transferring them to common pleas.  We did so recently in *Hill v. Governor of Pennsylvania*, 309 A.3d 238 (Pa. Cmwlth.) (*Hill II*), *aff'd per curiam*, 317 A.3d 551 (Pa. 2024).  In *Hill II*, an inmate serving a life sentence without parole for a murder conviction filed a petition for review in this Court's original jurisdiction challenging the constitutionality of that sentence more than 30 years after it was imposed.  Although the petitioner was 20 years old when he committed the murder, he argued that he should be treated as a juvenile and, therefore, that he could not receive a life sentence without parole.  *Id.* at 240-41.  This Court determined the petition was in the nature of a request for post-conviction relief over which the common pleas sentencing court, not this Court, would have original jurisdiction.  *Id.* at 243-45.  We acknowledged that this Court will generally transfer a case to the proper court where we lack jurisdiction.  *Id.* at 245.  However, in the specific circumstances of *Hill II*, we dismissed the action rather than transferring it to common pleas, agreeing with the respondents that they were not proper parties to a PCRA case.  *Id.*  As a result, we concluded that "transfer to common pleas would be inappropriate and result in an unjustifiable expenditure of judicial resources . . . ." *Id.* at 246; *see also Mines v. Wolf* (Pa. Cmwlth., No. 102 M.D. 2022, filed Sept. 8,

11

2023)[8] (dismissing rather than transferring a PCRA claim where the respondents were not proper parties and the petitioner was a *pro se* inmate improperly seeking to pursue a class action).

Nonetheless, we do not construe these opinions as compelling a dismissal under the circumstances present in this case. Here, unlike in *Hill II* and *Mines*, we find no circumstances favoring a departure from the general transfer rule set forth in the Judicial Code. Unlike issues of proper parties in *Hill II* and the propriety of a class action in *Mines*, the timeliness of Hawkins's petition and the availability of PCRA relief after completion of her sentence require specific consideration and interpretation of the PCRA's provisions. Therefore, we take no position on Hawkins's argument concerning the timeliness of the Petition under Section 9545(b)(1) & (2) the PCRA, 42 Pa.C.S. § 9545(b)(1) & (2). *See Scott v. Pa. Bd. of Prob. & Parole*, 256 A.3d 483, 494-95 (Pa. Cmwlth. 2021), *aff'd*, 284 A.3d 178 (Pa. 2022) (observing that "whether a PCRA petitioner is time-barred from bringing a claim that, substantively, is cognizable under the PCRA is immaterial to whether this Court has jurisdiction . . ." and that we lack jurisdiction over a PCRA claim "regardless of whether a court of proper jurisdiction is precluded from exercising it on timeliness grounds"). We likewise take no position on Hawkins's eligibility for PCRA relief after completion of her sentence under Section 9543(a)(1)(i) of the PCRA, 42 Pa.C.S. § 9543(a)(1)(i). We decline to enter into such an analysis where we lack subject matter jurisdiction. *Accord Davis v. Pa. Legislature* (Pa. Cmwlth., No. 245 M.D. 2023, filed May 15, 2025), slip op. at 12 (transferring, rather than dismissing, a facially untimely PCRA petition filed in our

_____

[8] Unreported opinions of this Court issued after January 15, 2008 are not binding authority but may be cited for their persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

12

original jurisdiction; where the sentencing court had not previously determined that a PCRA petition filed there would be untimely and the petitioner had not conceded untimeliness, the petitioner "should be allowed to argue the application of a PCRA timeliness exception before the court with jurisdiction over his PCRA claim," *i.e.*, the sentencing court); *Edwards v. Pa.'s Sentencing Scheme* (Pa. Cmwlth., No. 184 M.D. 2023, filed May 15, 2025), slip op. at 11-12 (transferring, rather than dismissing, a facially untimely PCRA claim filed in our original jurisdiction, where the petitioner had not conceded untimeliness and there had been no previous judicial determination that the petition was untimely and not subject to a timeliness exception under the PCRA).  Accordingly, rather than dismissing this matter for lack of subject matter jurisdiction, we will transfer this action to the Common Pleas Court in its capacity as the sentencing court for consideration of the claims under the PCRA.

### B. Mootness

The DOC's alternative demurrer asserts that the Petition is moot as against the DOC because Hawkins is no longer in the DOC's custody and, as a consequence, is no longer subject to deductions from her inmate account by the DOC for reimbursement payments.  Because, as discussed above, this Court lacks subject matter jurisdiction over this matter, we do not reach the alternative demurrer.

### IV. Conclusion

Based on the foregoing discussion, we sustain the DOC's demurrer and, finding that we lack subject matter jurisdiction over what is actually a PCRA claim, transfer this matter to the Common Pleas Court as the sentencing court.

_____
CHRISTINE FIZZANO CANNON, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joyce Lynn Hawkins,                          :
                          Petitioner          :
                                             :
              v.                             :
                                             :
Adult Probation & Collections Unit,          :
Commonwealth of Pennsylvania                 :
Department of Corrections,                   :    No. 404 M.D. 2023
                          Respondents         :

# **O R D E R**

AND NOW, this 15th day of May, 2025, the preliminary objection of the Commonwealth of Pennsylvania Department of Corrections demurring on the basis that the Petition for Review constitutes an impermissible collateral attack on a criminal sentence that can be challenged, if at all, only before the sentencing court as a claim under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, is SUSTAINED.  The petition for review filed by Joyce Lynn Hawkins is transferred to the Court of Common Pleas of Chester County as the sentencing court.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joyce Lynn Hawkins, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 404 M.D. 2023 |
| | : | |
| Adult Probation & Collections Unit, | : | Submitted: November 6, 2024 |
| Commonwealth of Pennsylvania | : | |
| Department of Corrections, | : | |
| Respondents | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE LORI A. DUMAS, Judge
                    HONORABLE MATTHEW S. WOLF, Judge

## ***OPINION NOT REPORTED***

CONCURRING AND DISSENTING
OPINION BY JUDGE McCULLOUGH          FILED: May 15, 2025

I respectfully concur and dissent for the reasons set forth in my dissenting opinion in *Anthony Edwards v. Pennsylvania's Sentencing Scheme in Sentencing Third Degree Murder Convictions to Mandatory Life without Parole for their Second Murder Conviction; General Assembly, and Attorney General* (Pa. Cmwlth., No. 184 M.D. 2023, filed May 15, 2025).[1]  Specifically, I disagree with

---

[1] Contemporaneously with the filing of the *en banc* memorandum decision in this case, the Majority issued memorandum *en banc* decisions in *Edwards* and *Davis v. Commonwealth of Pennsylvania, Pennsylvania Legislature (General Assembly), Allegheny County Court of Common Pleas, and Pennsylvania Attorney General* (Pa. Cmwlth., No. 245 M.D. 2023, filed May 15, 2025),
**(Footnote continued on next page…)**

the decision to re-transfer Joyce Lynn Hawkins' complaint to the Court of Common Pleas of Chester County (sentencing court), rather than dismiss it. Hawkins named the Adult Probation & Collections Enforcement Unit of Chester County (County) and the Department of Corrections (DOC) as defendants. The Court of Common Pleas of Chester County (sentencing court) does not have personal jurisdiction over DOC. Neither party is a proper party in a PCRA proceeding. As such, consistent with *Hill v. Governor of Commonwealth*, 309 A.3d 238 (Pa. Cmwlth.), *aff'd*, 317 A.3d 551 (Pa. 2024), which was affirmed by our Supreme Court, Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), and Rule 751 of the Pennsylvania Rules of Appellate Procedure, the complaint should be dismissed, not re-transferred to the sentencing court.

  As I noted in *Edwards*, the Majority did not discuss, distinguish, or overrule *Hill*. It also did not discuss Section 5103(a) in any meaningful way, other than to reproduce it in a footnote. In this case, the Majority attempts, unsuccessfully in my view, to distinguish *Hill* and rationalize transferring the case under Section 5103(a). Specifically, it explains that

> we find no circumstances favoring a departure from the general transfer rule set forth in [Section 5103(a) of] the Judicial Code. Unlike issues of proper parties in *Hill* . . ., the **timeliness of Hawkins's petition and the availability of PCRA relief after completion of her sentence require specific consideration and interpretation of the PCRA's provisions**.

---

both of which also transfer actions filed in this Court's original jurisdiction based on the Majority's *sua sponte* inquiry into whether, if transferred, the petitioners' claims against certain Commonwealth government parties would be timely under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. As my concurring and dissenting opinions in those cases reflect, consistent with my opinions herein, I disagree that transfer of the actions to the sentencing court is appropriate under Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).

*Hawkins v. Adult Probation & Collections Unit* (Pa. Cmwlth., No. 404 M.D. 2023, filed May 15, 2025), slip op. at 12 (emphasis added).

First, contrary to this statement, I believe the Majority's decision **is a major departure** from the general transfer rule set forth in Section 5103(a). As I pointed out in my dissenting opinion in *Edwards*, Section 5103(a) contemplates transferring **an action** to a court that has **personal jurisdiction over the named respondents**. Hawkin's complaint against the County and DOC is not a mistakenly filed PCRA petition (an action) against **the Commonwealth**, and the sentencing court does not have personal jurisdiction over DOC. Therefore, transfer is simply not appropriate here.

Second, the Majority's attempt to distinguish *Hill* is untenable. The only difference between *Hill* and this case is that in *Hill*, the Court did **not** *sua sponte* raise concerns about timeliness of a possible PCRA petition. Here, the Majority *sua sponte* raises the "timeliness of Hawkins' petition." In *Hill*, we declined to transfer the action **regardless of any timeliness concerns** specifically because the Governor and the Pennsylvania Parole Board were not proper parties to a PCRA proceeding. In other words, we must look first at whether the sentencing court would have personal jurisdiction over the named respondents before deciding to transfer. If it does not have personal jurisdiction over the named respondents, whether a potential and presumably properly filed PCRA petition raising the claim would have been timely in the sentencing court is simply beside the point.

In short, the Majority's decision in this case now stands for the proposition that, even if the action was filed against the wrong parties (which ordinarily would deprive the transferee sentencing court of personal jurisdiction), we nevertheless may transfer the action as long as: (1) there is an argument raised

before us that should have been raised in another court irrespective of whether that court has personal jurisdiction over the named respondents; (2) we decide *sua sponte* that there is a question as to whether a potential PCRA petition raising the underlying argument would be timely; and (3) we are satisfied from a review of the sentencing court docket and Superior Court docket that it would be. As I explained in my dissenting opinion in *Edwards*, none of this appears in Section 5103(a).

In addition, I oppose **re-transferring** the complaint **back** to the sentencing court. The sentencing court transferred this complaint to this Court because Hawkins' causes of action for declaratory and injunctive relief against DOC "fall within the exclusive jurisdiction of the Commonwealth Court." (Common pleas court order, May 26, 2023 at 1, n.1.) The sentencing court saw this case for what it is and what it is not. Hawkins' complaint is not a PCRA petition, and it does not belong before the sentencing court. If it was a PCRA petition, the sentencing court would not have transferred it to this Court.

For these reasons, I dissent.

_____
PATRICIA A. McCULLOUGH, Judge

President Judge Cohn Jubelirer and Judge Covey join in this Concurring and Dissenting Opinion.