IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sean M. Donahue, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| PA Public School Employees' | : | |
| Retirement System (PSERS) | : | |
| and Benjamin L. Cotton, Interim | : | |
| Executive Director PA Public School | : | |
| Employees' Retirement System | : | |
| (PSERS), | : | No. 234 M.D. 2025 |
| Respondents | : | Submitted: May 14, 2026 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                        FILED: June 18, 2026

Before this Court are the Pennsylvania Public School Employees' Retirement System's (PSERS) and PSERS' Interim Executive Director Benjamin L. Cotton's (collectively, Respondents) Preliminary Objections (Preliminary Objections) to Sean M. Donahue's (Petitioner) pro se Amended Petition for Review in the nature of equity and mandamus (Amended Petition). Respondents present two issues for this Court's review: (1) whether this Court has jurisdiction over Petitioner's claim; and (2) whether the Amended Petition is legally sufficient. After review, this Court sustains Respondents' first Preliminary Objection and transfers the matter to the Dauphin County Common Pleas Court (Common Pleas).

On December 24, 2024, Petitioner submitted a job application for a position as a PSERS Junior Investment Professional. On January 28, 2025, PSERS invited Petitioner for an interview. On February 3, 2025, Petitioner interviewed with PSERS. By March 27, 2025 email, PSERS thanked Petitioner for participating in

the interview process and informed him that it had selected another candidate to fill the position. After extensive correspondence with PSERS regarding its non-hiring of Petitioner, by April 15, 2025 email, PSERS stated that it did not hire Petitioner because he did not possess the requisite qualifications for appointment to the non-civil service position.

On August 27, 2025, Petitioner filed the Amended Petition in this Court, alleging therein that since he indisputably possesses the requisite qualifications for the position, pursuant to Section 7104(a) of what is commonly known as the Veterans' Preference Act, 51 Pa.C.S. § 7104(a), PSERS was required to hire Petitioner ahead of the individual to whom it offered the position. Petitioner seeks to have this Court order PSERS to hire Petitioner for the position of Junior Investment Professional or, in the alternative, direct PSERS to pay him "two years of full pay and the cash value of full benefits for two years or two years of full pay and vested status in the state pension fund through PSERS, plus the right to buy his military service years to increase his pension payments upon retiring." Amended Pet. at 13. On September 16, 2025, Respondents filed the Preliminary Objections, therein asserting: (1) this Court lacks jurisdiction over Petitioner's claim; and (2) the Amended Petition is legally insufficient.

Initially, this Court has explained:

> In ruling on [preliminary objections], this Court must "accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that [it] may draw from the averments." *Highley v. Dep['t] of Transp*[.], 195 A.3d 1078, 1082 (Pa. Cmwlth. 2018). However, [this Court] [is] "not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the [p]etition for review." *Id*. This Court should sustain [preliminary objections] only where "the law makes clear that the [p]etitioner cannot succeed on his claim." *Id*. at 1083. "[W]here any doubt exists as to

2

whether the [preliminary objections] should be sustained, the doubt must be resolved in favor of overruling the [preliminary objections]." [Pa.] *State Lodge, Fraternal Ord*[.] *of Police v. Dep*[*'t*] *of Conservation & Nat*[.] *Res*[.], 909 A.2d 413, 416 (Pa. Cmwlth. 2019).

*Donahue v. PA Dep't of Hum. Servs.*, 347 A.3d 96, 101 (Pa. Cmwlth. 2025).

Respondents first argue that because Petitioner's Amended Petition is akin to an action in assumpsit or trespass, this Court does not have original jurisdiction. Petitioner rejoins that employment matters under Section 7104(a) of the Veterans' Preference Act are within this Court's original jurisdiction.

Section 761(a) of the Judicial Code provides, in relevant part:

**General rule.--**The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1)    Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

. . . .

(v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa.C.S. § 761(a). Our Supreme Court has explained:

Th[e Pennsylvania Supreme] Court, in examining the historical context of Section 761 [of the Judicial Code], has held that[]

the clear intent of the General Assembly is that actions against the Commonwealth or its officers acting in their official capacity for money damages based on tort liability are outside the original jurisdiction of the Commonwealth Court and are properly commenced in the Courts of Common Pleas.

*Balshy v. Rank*, . . . 490 A.2d 415, 420-21 ([Pa.] 1985). Thus, both common law trespass and statutory claims such

3

as [Sections 1983 and 1985 of the United States Code,] 42 U.S.C. §§ 1983 and 1985, are excluded by Section 761(a)(1)(v) [of the Judicial Code] from the Commonwealth Court's original jurisdiction. *Id.* A statutory claim like Section 1983 [of the United States Code (Section 1983)] is excluded from the Commonwealth Court's original jurisdiction because in both an action for trespass and a Section 1983 action for monetary damages, the plaintiff seeks the same redress in the form of money for an unlawful injury.

*Hill v. Pa. Dep't of Env't Prot.*, 679 A.2d 773, 774 (Pa. 1996).

Here, Petitioner is seeking redress for an employment injury. *See Merrell v. Chartiers Valley Sch. Dist.*, 51 A.3d 286 (Pa. Cmwlth. 2012) (petitioner, a veteran, properly commenced an action in equity against the school district in the common pleas court's original jurisdiction for not giving him preference under the Veterans' Preference Act seeking to be hired and receive back pay). The fact that Petitioner in the instant action is seeking mandamus relief and monetary damages (albeit alternatively) does not change the nature of the action.

This Court has observed:

[I]n cases where the [petitioner] seeks both equitable relief and money damages[,] [] it "is not our function to ignore a portion of [the] request for relief so that original jurisdiction can be vested in this Court, a court of limited original jurisdiction, rather than in the common pleas court, a court of broad original jurisdiction." *Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004). Adopting such an approach would run contrary to the precept that in determining whether this Court has original jurisdiction over a matter [it] must consider that such cases are appealable as of right to our Supreme Court, and the efficient administration of justice is not well served when th[e Pennsylvania Supreme] Court is forced to hear collateral matters because "such an interpretation of its jurisdiction would crowd cases involving important and unique issues from its allocatur docket." *Id.* (citation omitted).

4

*Borough of Pleasant Hills v. Dep't of Transp.*, 312 A.3d 389, 397 (Pa. Cmwlth. 2024). Moreover,

> the legislature has made clear that causes of action for money damages against the Commonwealth or its entities that are in "the nature of trespass," meaning that the core of the action sounds in common law torts or can be reasonably analogized to tort liability, **must be brought in our trial-level courts**.

*Spallone v. Pa. State Police*, ___ A.3d ___, ___ (Pa. Cmwlth. Nos. 1275, 1276 C.D. 2024, filed May 28, 2026), slip op. at 7 (emphasis added). Because the Amended Petition is essentially a tort action in the nature of trespass for money damages as redress for an unlawful employment injury, this Court lacks original jurisdiction. Accordingly, this Court sustains Respondents' first Preliminary Objection.

Section 5503(a) of the Judicial Code provides, in relevant part:

> **General rule.--**If a[]. . . matter is . . . brought in a court . . . of this Commonwealth which does not have jurisdiction of the . . . matter, the court . . . shall not . . . dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the . . . matter shall be treated as if originally filed in the transferee tribunal on the date when the . . . matter was first filed in a court . . . of this Commonwealth.

42 Pa.C.S. § 5103. Therefore, rather than dismiss the Amended Petition, this Court transfers the matter to Common Pleas.[1]

For all of the above reasons, Respondents' first Preliminary Objection is sustained, and the matter is transferred to Common Pleas.

---

[1] Consequently, Common Pleas will address Respondents' second Preliminary Objection.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                                  :
                        Petitioner               :
                                                 :
            v.                                    :
                                                 :
PA Public School Employees'                       :
Retirement System (PSERS)                         :
and Benjamin L. Cotton, Interim                   :
Executive Director PA Public School               :
Employees' Retirement System                      :
(PSERS),                                          :   No. 234 M.D. 2025
                        Respondents               :

PER CURIAM

## O R D E R

AND NOW, this 18th day of June, 2026, the Pennsylvania Public School Employees' Retirement System's and Benjamin L. Cotton's (collectively, Respondents) preliminary objection challenging this Court's jurisdiction is SUSTAINED, and the matter is TRANSFERRED to the Dauphin County Common Pleas Court (Common Pleas). The Prothonotary shall transmit the record of the above-captioned proceeding to the Common Pleas' prothonotary. Subsequent to transfer, Common Pleas shall rule upon Respondents' remaining preliminary objection.

Jurisdiction relinquished.