IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis Harris,                                          :
             Appellant             :
                                :
         v.                                 : No. 1061 C.D. 2017
                                 : Submitted: January 12, 2018
PA Department of Corrections, et al.   :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
SENIOR JUDGE PELLEGRINI                FILED: January 31, 2018


Francis Harris (Harris) appeals, *pro se*, the Court of Common Pleas of Greene County's (trial court) order retransferring his action back to this Court because the trial court concluded that it lacked original jurisdiction to decide the only remaining count raised against the Pennsylvania Department of Corrections and a number of its employees and agents (collectively, the Department), which relates to an alleged violation of Section 202 of the Americans with Disabilities Act (ADA).[1]

---

[1] Title II of the ADA, 42 U.S.C. § 12132, provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

The pertinent facts, as alleged, are as follows.[2]  Harris is currently incarcerated for a capital crime at the State Correctional Institution at Greene (SCI-Greene) and has been diagnosed with plantar fasciitis, a medical condition that causes him to experience foot pain.[3]  While other inmates experiencing similar problems are provided with orthotic shoes or given permission to order Timberland boots, Harris was denied such shoes and the Timberland boots he was eventually permitted to order were overpriced and later confiscated from him.  Because his plantar fasciitis causes him to experience pain in the morning, Harris also alleges that the Department failed to accommodate his medical condition when refusing to provide him with a medical permission slip allowing him to go to "afternoon yard" as opposed to "morning yard."

Significantly, Harris originally filed a petition with this Court, but we transferred it to the trial court because he sought money damages, giving the trial court original jurisdiction.  *See Fawber v. Cohen*, 532 A.2d 429, 432-33 (Pa. 1987); *see also Balshy v. Rank*, 490 A.2d 415 (Pa. 1985).

After the matter was transferred, Harris asserted that the Department's conduct in preventing him from purchasing boots and failing to provide him with orthotic shoes to alleviate the pain from his plantar fasciitis constituted cruel and

---

[2] A fuller description of the underlying facts is provided in this Court's previous decision, *Harris v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 2083 C.D. 2016, filed May 17, 2017) 2017 WL 2153712 (hereinafter, *Harris I*).

[3] Plantar fasciitis is inflammation in the sole of the foot.  Fasciitis and Plantar, Stedman's Medical Dictionary, 567 & 1210 (25th ed. 1990).

unusual punishment under the Eighth Amendment to the United States Constitution;[4] his equal protection rights were violated because he was treated differently than other inmates who had plantar fasciitis; the Department's failure to permit him to go to "afternoon yard" violated the ADA; the seizing of his boots constituted unlawful retaliation and theft by deception; and the Department's treatment of his condition constituted medical malpractice and negligence. Harris requested an order directing the Department to adhere to the approved medical plan to treat his plantar fasciitis, costs associated with the filing of this lawsuit, as well as an award of $97,000 in punitive damages.

Before the Department filed a responsive pleading, the trial court dismissed Harris's petition for failure to state a claim on which relief may be granted.[5] On appeal, we affirmed the trial court's order with the exception of

---

[4] As noted in this Court's previous opinion:

> The facts pled in Harris's Petition give rise to an action under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must 1) allege a violation of rights secured by the United States Constitution and/or the laws of the United States, and 2) show that the alleged deprivation was committed by a person acting under color of state law. *Anelli v. Arrowhead Lakes Community Association, Inc.*, 689 A.2d 357 (Pa. Cmwlth. 1997). Pursuant to the Eighth Amendment, U.S. Const. amend. VIII, "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

*Harris I*, slip op. at 5 n.7.

[5] *See* Section 6602(e)(2) of the Prison Litigation Reform Act (PLRA), Act of June 18, 1998, P.L. 640, No. 84, *as amended*, 42 Pa.C.S. § 6602(e)(2), which provides:

**(Footnote continued on next page…)**

3

Harris's ADA claim, which we reversed and remanded to the trial court for the Department to file a responsive pleading.

On remand, the trial court ordered the Department to file a responsive pleading to the remaining ADA claim. Notwithstanding, the Department filed a motion to transfer asserting that the trial court lacked original jurisdiction to decide the matter. On July 5, 2017, the trial court issued an order granting the Department's motion, concluding that Harris's remaining ADA count falls within this Court's exclusive jurisdiction because he sought a writ of mandamus in addition to money damages.[6] This appeal followed.

_____

**(continued…)**

> Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines . . . [t]he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

[6] Section 761 of the Judicial Code establishes this Court's original jurisdiction and provides, in pertinent part:

> (a) General Rule.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> * * *
>
> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the

**(Footnote continued on next page…)**

4

When a court lacks jurisdiction over a matter, Section 5103(c) of the Judicial Code provides for transfer to the proper tribunal. 42 Pa.C.S. § 5103(c). Specifically,

> If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

*Id.* Notwithstanding, it is improper for a trial court to "retransfer" a matter back to this Court if we originally transferred the matter to the trial court for jurisdictional reasons. For example, in *Rank v. Balshy*, 475 A.2d 182 (Pa. Cmwlth. 1984), *aff'd*, 490 A.2d 415 (Pa. 1985), this Court originally transferred a matter to the common pleas court for jurisdictional reasons, but the matter was transferred back to this Court after the common pleas court also concluded that it lacked jurisdiction. On appeal, we once again transferred the matter back to the trial court, noting:

---

**(continued…)**

> nature of assumpsit relating to such actions or proceedings in the nature of trespass.
>
> * * *
>
> (c) Ancillary matters.--The Commonwealth Court shall have original jurisdiction in cases of mandamus . . . .

42 Pa.C.S. § 761.

It is unfortunate that the Plaintiff-Petitioner is the victim of this procedural football but this Court must very carefully scrutinize cases alleged to be in its original jurisdiction because we are ill-equipped from the standpoint of personnel and physical facilities to engage in the trial of cases, especially those where a jury must be impanelled [*sic*]. While we respect and hold in highest regard the common pleas trial courts in the Commonwealth, **we believe that an order of this Court which has not been appealed should be enforced rather than reviewed by a court of common pleas**.

*Id.* at 185 (emphasis added). On appeal, our Supreme Court affirmed this Court's decision to once again transfer the matter back to the trial court, stating:

We disapprove the practice of Courts of Common Pleas refusing jurisdiction and attempting to "retransfer" matters to Commonwealth Court. The proper practice in cases such as this one would be for Common Pleas Court to dismiss the action and for the parties to take an appeal.

*Balshy v. Rank*, 490 A.2d 415, 416 (Pa. 1985); *see also City of Philadelphia v. Philadelphia Parking Authority*, 798 A.2d 161, 170 n.8 (Pa. 2002) (Saylor, J., concurring) ("We note, however, that the Court's comments in *Balshy* were directed to the practice of 'retransfer' by courts of common pleas to the Commonwealth Court, which has appellate jurisdiction over them.").

Simply put, while the trial court may disagree with this Court's original transfer order or how we interpreted Harris's action against the Department, it is nonetheless obligated to follow that order.

6

In any event, the trial court has original jurisdiction to decide Harris's remaining ADA claim because he is seeking, among other things, money damages.[7] Pursuant to 42 Pa.C.S. § 761(a), this Court has original jurisdiction over civil actions or proceedings:

> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> * * *
>
> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa.C.S. § 761(a)(1)(v). Examining this Section, our Supreme Court has held:

> [T]he clear intent of the General Assembly is that actions against the Commonwealth or its officers acting in their official capacity for money damages based on tort liability are outside the original jurisdiction of the Commonwealth Court and are properly commenced in the Courts of Common Pleas.

*Balshy*, 490 A.2d at 420-21.

---

[7] In its brief, the Department also contends that this Court has original jurisdiction over Harris's ADA claim because the Department's Secretary, John Wetzel (Secretary Wetzel), is named as a party in this matter. However, Harris's complaint does not allege specific wrongdoing by Secretary Wetzel nor does he allege the existence of a statewide policy causing his alleged mistreatment. Accordingly, a statewide official is not an indispensable party in this matter. *See Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004).

Here, it is clear that Harris's ADA claim falls within Section 761(a)(1)(v) because he is seeking money damages under a statutory provision and, accordingly, his ADA claim constitutes an action in tort. *See Hill v. Pennsylvania Department of Environmental Protection*, 679 A.2d 773 (Pa. 1996) (holding that an employment discrimination complaint for money damages under various statutes, including provisions of the ADA, falls within 42 Pa.C.S. § 761(a)(1)(v)). While Harris may also be seeking mandamus relief, our Supreme Court has made clear that this does not operate to transform a trial court's jurisdiction as it would arguably permit forum shopping through pleading. *See Stackhouse v. Commonwealth*, 832 A.2d 1004, 1008-09 (Pa. 2003).

Accordingly, we reverse the trial court's order granting the Department's motion to transfer and remand the matter to the trial court for the Department to file a responsive pleading to Harris's remaining ADA claim.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis Harris,                         :
                    Appellant          :
                                       :
          v.                           : No. 1061 C.D. 2017
                                       :
PA Department of Corrections, et al.   :

# **O R D E R**

AND NOW, this 31st day of January, 2018, it is hereby ordered that the Court of Common Pleas of Greene County's (trial court) order in the above-captioned matter is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge