IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nicholas Edwards, | : | |
|       Petitioner | : | |
| | : | |
|       v. | : | No. 65 M.D. 2025 |
| | : | |
| J. Redfern, D. Close and | : | Submitted: April 13, 2026 |
| J. Vello, et al., | : | |
|       Respondents | : | |

***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                             FILED: May 18, 2026

      Nicholas Edwards (Petitioner), proceeding *pro se*, has filed in our original jurisdiction a "Petition for Review in the Nature of a Complaint Seeking Injunctive Relief" (Petition for Review). Therein, Petitioner alleges that Respondents J. Redfern, David or "D." Close, J. Vello, and "Attorney General" Josh Shapiro[1] (Respondents) have permitted or instituted practices at the State Correctional Institution at Houtzdale (SCI-Houtzdale) that violate certain internal policies of the Department of Corrections (DOC). Petitioner asserts that Respondents' conduct has violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and seeks review of several denials of administrative relief he sought through the internal grievance process. Petitioner's claims center on (1) law library access and (2) recreational and exercise facility access at SCI-Houtzdale, where he is incarcerated. He seeks a declaration that Respondents have violated his constitutional rights and an injunction compelling Respondents' compliance with DOC policies.

      With his Petition for Review, Petitioner filed a Motion for Preliminary Injunction (Injunction Motion), in which he seeks an order directing Respondents to

---

[1] Joshua Shapiro was elected Governor in November 2022, and began his first term in January 2023. The Petition for Review was filed in February 2025.

afford Petitioner and similarly situated inmates increased access to the law library and recreational facilities at SCI-Houtzdale.

Now before the Court are Respondents' preliminary objections to the Petition for Review, in which they contend that Petitioner's claims are barred by *res judicata*/collateral estoppel and are legally insufficient on multiple grounds, including sovereign immunity.

For the reasons set forth below, we *sua sponte* dismiss the Petition for Review for lack of jurisdiction. We also dismiss as moot Petitioner's Injunction Motion and Respondents' Preliminary Objections.

## I.   Background and Procedural History

In his Petition for Review,[2] Petitioner alleges as follows. Respondents are employees of DOC at SCI-Houtzdale. (Petition for Review, ¶¶ 3-5.) Petitioner seeks review in this Court of several determinations issued by Respondents[3] and other DOC employees denying Petitioner's grievances and related appeals concerning his access to the law library and the general population "main" recreation yard at SCI-Houtzdale. *Id.* ¶¶ 7-9. Regarding the law library, Petitioner is housed in the "J-Unit" at SCI-Houtzdale. He alleges that his access to the law library at SCI-Houtzdale is being

---

[2] The Petition for Review contains the crossed-out case number 569 M.D. 2024, at which Petitioner filed on December 10, 2024, a nearly identical lawsuit challenging the same DOC policies and conduct. We transferred the action to the Court of Common Pleas of Clearfield County (trial court) because Petitioner therein requested an award of money damages. (Petition for Review, Attachment 1 (unnumbered); *Edwards v. Redfern et al.* (Pa. Cmwlth., No. 569 M.D. 2024, filed December 31, 2024).

[3] Petitioner indicates that Respondents are identified in both their individual and official capacities and that they had personal involvement in the violations he challenges in this action. (Petition for Review, ¶¶ 2-6, 13-14.) Although Petitioner at times mentions the DOC in his Petition for Review, he does not name the DOC as a Respondent and does not allege that the DOC or any of its statewide officials engaged in conduct causing him harm. *See, e.g.*, Petition for Review, ¶¶ 3-5, 40.)

limited to three hours per week in three one-hour sessions in violation of DOC Policy DC-ADM 007,[4] which Petitioner contends guarantees him six hours of library time per week.[5] (Petition for Review, ¶¶ 15-16, 18-20.) Respondents' alleged failure to abide by Policy DC-ADM-007 has caused Petitioner to lose one of his legal "cases"[6] because he did not have enough time to prepare. *Id.* ¶¶ 18, 21-22. Petitioner seeks an injunction compelling DOC to provide Petitioner with six hours of library time per week. *Id.* ¶ 24. Petitioner filed a grievance and grievance appeals concerning his law library access, all of which were denied. (Petition for Review, ¶ 42; Ex. 4; Unnumbered Exhibits dated 4/15/2024, 5/06/2024, 6/25/2024) (Grievance #1081804.)

Petitioner also alleges that he is being denied access to the "main yard" recreational area used by the general prison population at SCI-Houtzdale. Petitioner contends that the main yard recreational area has a running track, water fountains, bathrooms, and athletic fields, while the "small yard" recreational area available to the J-Unit inmates has only weights and basketball courts. (Petition for Review, ¶¶ 25-26.) Petitioner alleges that his lack of access to the main yard violates DOC Policy

---

[4] Portions of the DOC policies upon which Petitioner relies are attached as exhibits to the Petition for Review. We take judicial notice of the complete and publicly available DOC policies available at https://www.pa.gov/agencies/cor/about-us/doc-policies (last visited May 18, 2026). *Figueroa v. Pennsylvania Board of Probation and Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006).

[5] Section 1.B.2 of Policy DC-ADM 007 governs the development, operation, and maintenance of law library services at an SCI. It directs that the "[u]se of the Main Law Library at each facility shall be limited to each inmate housed in general population at such facility." Policy DC-ADM 007.1.B.2. For non-general population inmates, Section 1.B.3 provides for access to a "Mini Law Library." Policy DC-ADM 007.1.B.3. With exceptions not applicable here, Section 1.B.3 indicates that "[r]esearch periods will be scheduled and assigned in time blocks of two hours each, for a maximum of six hours per week for any inmate." Policy DC-ADM 007.1.B.3 (emphasis removed).

[6] Petitioner refers generally to his legal "claim" or "case," but does not specify its type. (Petition for Review, ¶¶ 18, 21.)

7.8.1 governing Inmate Recreational and Therapeutic Activities[7] and his First, Eighth, and Fourteenth Amendment rights. *Id.* ¶¶ 14, 27. Petitioner further alleges that his lack of access to the main yard poses risks to his mental health and physical wellbeing because it causes him stress, depression, muscle weakness, and high blood pressure. *Id.* ¶¶ 33-24. Petitioner filed a grievance and grievance appeals regarding his lack of access to the main yard, all of which were denied. *Id.* ¶ 28; Unnumbered Exhibits dated 4/17/2024, 6/25/2024 (Grievance #1082824.)

For relief, Petitioner requests an order from this Court mandating Respondents' compliance with DOC Policies DC-ADM-007 and 7.8.1, which, together with unidentified provisions of the DOC Code of Ethics, he contends Respondents have "breached." (Petition for Review, ¶¶ 9, 47, 51.) He also seeks relief declaring that Respondents have violated his constitutional rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. *Id.* ¶¶ 49-50.

Respondents filed preliminary objections to both the Petition for Review and the Injunction Motion, therein contending that (1) Petitioner's claims are barred by *res judicata* and/or collateral estoppel because all of Petitioner's claims already have been addressed and decided by the trial court in two prior actions, *see* Preliminary Objections, Appendices B, C; (2) Petitioner's claims fail to state a cognizable claim because (a) Petitioner has failed to plead sufficient facts establishing either Respondents' negligence or their personal involvement in any purported constitutional violations, (b) Respondents are entitled to sovereign immunity on Petitioners' claims

---

[7] Section 1.A. of DOC Policy 7.8.1 provides that "each facility shall provide a wide range of activities to permit inmates to express their talents and pursue their interests in a wholesome and prosocial way." DOC Policy 7.8.1.1.A. Section 3 governs "Sports and General Recreation," but does not specify the particular size or form of recreation facilities. Regarding participation in organized athletic and sports programs, Section 3.C.5. restricts participation in such programs to the general inmate population. DOC Policy 7.8.1.3.C.5.

because they request mandatory injunctions compelling Respondents to take affirmative action, and (c) violations of DOC policies do not create enforceable rights; (3) the Petition for Review is insufficiently specific; and (4) the Petition for Review fails to conform to Pennsylvania Rule of Appellate Procedure 1516(b) because it omits a proper notice to plead. (Preliminary Objections, ¶¶ 1-71.)

In response to Respondents' preliminary objections, Petitioner filed a document titled both as a "Brief in Opposition" and "Preliminary Objections to Respondents['] Preliminary Objections" (Petitioner's Brief). Therein, Petitioner first objects to Respondents' preliminary objections on the ground that they were not filed within 20 days after service of the Petition for Review. *Id.* at 3-4. Substantively, Petitioner argues that his claims are not barred by *res judicata* because here he seeks only a preliminary injunction for relief, not damages as he had in the prior suits. *Id.* at 7. He further argues that he has stated valid claims for violations of the DOC's policies and his First, Eighth, and Fourteenth Amendment rights. *Id.* at 7-9.[8] Petitioner also filed on June 13, 2025, a "Reply" to Respondents' preliminary objections to Petitioner's Injunction Motion, in which Petitioner again argues that Respondent's preliminary objections are untimely, that *res judicata* does not bar Petitioner's claims, and that Respondents have waived sovereign immunity. (Reply, 6/13/25, at 1-2.)

---

[8] In his brief, Petitioner references in passing the "Secretary of the [DOC] Dr. Harry." (Petitioner's Br. at 2, ¶ 5.) Assuming this refers to Dr. Laurel R. Harry, *see* https://www.pa.gov/agencies/cor/about-us/secretary-of-corrections (last visited May 18, 2026). Petitioner did not name Dr. Harry as a Respondent in the Petition for Review and has not alleged any statewide conduct of Dr. Harry that has caused him any harm.

## II. **Discussion**

We first address whether the Petition for Review properly is before us in our original jurisdiction, as that question is dispositive here.[9] We note:

> We begin with the undisputed basic principle that this Court, as any other court, must have subject matter jurisdiction over a controversy because, without it, any judgment rendered would be void. Thus, whenever a court discovers that it lacks jurisdiction over the subject matter or a cause of action, it is compelled to dismiss the matter under all circumstances.
>
> Jurisdiction over the subject matter is conferred solely by the Constitution and laws of the Commonwealth. The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. Thus, as a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary. Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*.
>
> Pertinent here, [S]ection 761(a)(1) of the Judicial Code states that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings

---

[9] Given our ultimate disposition on jurisdictional grounds, we need not address Petitioner's objections to the timeliness of Respondents' preliminary objections. We note, however, that (1) pursuant to Pennsylvania Rule of Appellate Procedure 1516(b), responsive pleadings must be filed within 30 days of service of the preceding pleading, not 20 days; (2) although Petitioner contends that the Petition for Review was served on Respondents on February 24, 2025, Petitioner's Br. at 3, ¶ 6, that fact is not established in the record; (3) this Court established the time period for Respondents to file responsive pleadings to both the Petition for Review and Injunction Motion by orders entered March 25, 2025, and May 6, 2025, and Respondents timely complied with both orders by filing preliminary objections; and (4) to the extent Petitioner's objections may themselves be construed as preliminary objections, they appear to have been filed more than 30 days after Respondents filed their preliminary objections on April 24, 2025, which would render them untimely. *See* Answer to Preliminary Objections, 6/5/2025; Petitioner's Br., 7/25/25 (utilizing dates of certificates of service).

6

. . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S. § 761(a)(1) [ ]. In [S]ection 102 of the Judicial Code, the term "Commonwealth government" is defined as follows:

> "Commonwealth government." The government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

42 Pa.C.S. § 102.

[ ] As we have held, the mere naming, however, of the Commonwealth or its officers in an action does not conclusively establish this Court's jurisdiction, and the joinder of such parties when they are only tangentially involved is improper. Instead, for this Court to have original jurisdiction over a suit against the Commonwealth and another, non-Commonwealth party, the Commonwealth or one of its officers must be an indispensable party to the action.

A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. Thus, the main inquiry for determining whether a party is indispensable involves whether justice can be accomplished in the absence of the party. Significantly, where a petitioner seeks absolutely no relief from the Commonwealth party, and the Commonwealth party's involvement is only minimal, we have held that it is not an indispensable party.

*Stedman v. Lancaster County Board of Commissioners*, 221 A.3d 747, 755-57 (Pa. Cmwlth. 2019) (internal citations, quotations, footnotes, and editing omitted). In other words, for a Commonwealth party to be indispensable, the petition for review must

allege specific wrongdoing by the statewide actor or a statewide policy causing the petitioner harm. *Harris v. Department of Corrections*, 178 A.3d 945, 949 (Pa. Cmwlth. 2018) (citing *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004)) (Secretary of Corrections not indispensable to the disposition of inmate's ADA claim, as the petition for review "did not allege specific wrongdoing by [the secretary,] nor does [the petitioner] allege the existence of a statewide policy causing his alleged mistreatment"); *see also Jones v. Peterman*, 743 A.2d 537, 538 (Pa. Cmwlth. 1999) (state employees are only officers of the Commonwealth if they perform "statewide policymaking functions and are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government").

To begin, we note what Petitioner does *not* assert in his Petition for Review. Petitioner does not challenge any DOC policy as unconstitutional, does not seek damages for any constitutional violations, does not challenge any statewide activity of the DOC or its officials, and has not named the DOC, its secretary, or any other statewide DOC officials or agencies as Respondents. Rather, Petitioner contends that certain individual employees of the DOC who work at SCI-Houtzdale, some of whom are officials in the grievance process, have failed to follow certain DOC policies with regard to Petitioner's access to the law library and the "main" recreation yard. Individual DOC employees at state correctional institutions, like Respondents, do not have statewide policymaking authority and are not "Commonwealth officers" for purposes of our original jurisdiction. *Mickens v. Jeffes*, 453 A.2d 1092, 1093 (Pa. Cmwlth. 1993).

Further, although Petitioner references the DOC in the Petition for Review, he does not allege that *it* has violated his constitutional rights. Relatedly, although Petitioner references Secretary of Corrections Laurel R. Harry in his brief, *see*

Petitioner's Br. at 2, ¶ 5, Petitioner neither names her as a Respondent in the Petition for Review nor describes any specific conduct of Dr. Harry that he challenges. These passing references to statewide Commonwealth parties, without more, cannot confer original jurisdiction on this Court.

The only statewide Commonwealth official named as a Respondent in the Petition for Review is "Attorney General Josh Shapiro," who Petitioner alleges is "responsible for upholding the laws and the Pennsylvania Constitution." (Petition for Review, ¶ 6.)[10] Petitioner neither alleges any specific conduct of the Office of Attorney General that has caused him harm nor otherwise references that office in the Petition for Review. This mere naming the Office of Attorney General is insufficient:

> While the Attorney General has a general duty to uphold the laws of this Commonwealth, this fact, standing alone, is insufficient to render him a proper respondent in this action. In order for the Attorney General to be an indispensable party, the statute at issue must give him powers or duties with respect to the law's enforcement or administration. In other words, in order to bring suit against the Attorney General, the Attorney General must be the official who is charged with the enforcement and administration of the statute at issue. However, at the same time, the role of the Attorney General in the disputed provisions of the statutory scheme must be more than "minimal" or merely "ministerial" in nature.

*Stedman*, 221 A.3d at 757 (internal citations and quotations omitted).

Thus, because Petitioner has neither (1) alleged any conduct of the Office of Attorney General that would entitle him to relief, nor (2) explained how that office had any impact on, or authority over, Petitioner's access to the law library or main

---

[10] Although Joshua Shapiro was not the Attorney General at the time the Petition for Review was filed, he appears to be named in his official capacity, which in reality is a claim against the Office of Attorney General, a Commonwealth agency. *Flagg v. International Union, Security, Police, Fire Professionals of America, Local 506*, 146 A.3d 300, 306 (Pa. Cmwlth. 2016); *Law v. Fisher*, 399 A.2d 453, 456 (Pa. Cmwlth. 1979).

9

recreation yard, it is not indispensable and cannot serve as a basis to confer original jurisdiction on this Court.[11]

Because there are no Commonwealth parties named as Respondents in the Petition for Review *and* against whom Petitioner seeks relief, we are constrained to dismiss the Petition for Review for lack of subject matter jurisdiction.[12] We dismiss as moot the Injunction Motion and Respondents' preliminary objections.[13]

---

[11] We also note that, to the extent Petitioner attempts to invoke this Court's appellate jurisdiction to review the outcomes of his grievance filings, *see* Petition for Review, ¶ 7, we are without such jurisdiction. *Bronson v. Central Office Review Committee*, 721 A.2d 357, 359 (Pa. 1998).

[12] Although we ordinarily would transfer a misfiled action over which we do not have subject matter jurisdiction, *see* 42 Pa.C.S. § 5103(a), we decline to do so here. As noted above, in December 2024, this Court transferred to the trial court a petition for review filed by Petitioner because it sought, via identical claims, money damages. (Petition for Review, Attachment 1 (unnumbered)). On March 20, 2025, after analyzing in detail Petitioner's claims, the trial court dismissed the transferred complaint as frivolous pursuant to Pa.R.Civ.P. 240(j). (Preliminary Objections, 4/24/25, Appendix C.) Previously, in August 2024, the trial court dismissed as frivolous a prior complaint filed by Petitioner that also asserted what appear to be identical claims. *Id.*, Appendix B. No appeals of those orders appear on public dockets, and we take judicial notice of both, as we may take judicial notice of pleadings and orders in other proceedings where they involve the same parties. Pa.R.E. 201(b)(2) (courts may take judicial notice of facts that may be determined from sources with accuracy that "cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018); *Baney v. Fisher* (Pa. Cmwlth., No. 752 M.D. 2018, filed August 26, 2020), slip op. at 15 n.20; *see* 210 Pa. Code § 69.414 (unreported panel decisions of this Court filed after January 15, 2008, may be cited for their persuasive value). We conclude that transfer of these claims to the trial court for disposition for essentially the third time is unnecessary and would be futile.

[13] Although we appreciate the import of Petitioner's claims, even if this Court had original jurisdiction over them, they would fail for several reasons. First, although Petitioner requests both declaratory and injunctive relief in his Petition for Review, he asserts in his brief that he is seeking relief only in the form of a preliminary injunction compelling Respondents to grant him more time in the law library and access to the main recreation yard. (Petitioner Br. at 3.) Claims for mandatory injunctive relief against Commonwealth officials acting in their official capacities are barred by sovereign immunity. *Stackhouse v. Pennsylvania State Police*, 892 A.2d 54, 61 (Pa. Cmwlth. 2006). Further, although actions for declaratory judgment are not *per se* barred by sovereign immunity, they will be barred where they function only as the legal underpinnings for an immunity-barred claim, **(Footnote continued on next page…)**

including one for mandatory injunctive relief. *Swift v. Department of Transportation*, 937 A.2d 1162, 1169 (Pa. Cmwlth. 2007); *Stackhouse*, 892 A.2d at 63. Thus, as Respondents argue in their preliminary objections, because the claims pled in the Petition for Review, including those alleging constitutional violations, seek only mandatory injunctive *relief*, they are barred by sovereign immunity.

Second, to the extent that Petitioner asserts a due process claim under the Fourteenth Amendment, such claim is based entirely on Respondents' alleged failure to comply with two internal DOC policies. Such allegations, as a general matter, cannot support a constitutional claim because internal DOC policies usually do not create in inmates enforceable liberty or property interests, which are required to support a due process claim. *Gentilquore v. Pennsylvania Department of Corrections*, 326 A.3d 512, 516-18 (Pa. Cmwlth. 2024); *Shore v. Department of Corrections*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). Both DOC policies at issue state explicitly that they do not create rights for inmates. *See* Policy DC-ADM 007, Policy Statement § VI; Policy 7.8.1, Policy Statement § VIII. Further, the deprivation of a legally-protected property interest occurs only where a state correctional institution "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Feliciano v. Department of Corrections*, 250 A.3d 1269, 1275 (Pa. Cmwlth. 2021). Given that Policy DC-ADM 007 provides for no weekly minimum access and imposes a *maximum* weekly access of six hours, Petitioner has not alleged how his three hours of weekly access imposes an atypical or significant hardship. He also has not established how his lack of access to the main recreation yard either violates DOC Policy 7.8.1 or imposes an atypical or significant hardship.

Third, Petitioner's First and Eighth Amendment claims, as pled, would warrant no relief. Petitioner does not specify in the Petition for Review how his rights under either of those constitutional provisions were violated. As to the First Amendment claim, assuming Petitioner is asserting an access-to-courts claim, he has not alleged any actionable "actual injury," which must relate to a nonfrivolous claim attacking Petitioner's sentence or his conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 353, 355 (1996); *Hackett v. Horn*, 751 A.2d 272, 276 (Pa. Cmwlth. 2000); Petition for Review, ¶¶ 18, 21. As to the Eighth Amendment claim, although Petitioner cites to certain impacts on his life caused by the lack of access to the main recreation yard, he has not pled how DOC employees' "deliberate indifference" to the conditions of his confinement have deprived him of a "single, identifiable human need." *Tindell v. Department of Corrections*, 87 A.3d 1029, 1041-42 (Pa. Cmwlth. 2014). Petitioner does not allege that he does not have regular access to exercise and recreation facilities. Instead, he alleges that he does not have access to the facilities he most prefers. That does not, in this context, state an Eighth Amendment cruel and unusual punishment claim.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Edwards, :
        Petitioner :
         :
        v. : No. 65 M.D. 2025
         :
J. Redfern, D. Close and :
J. Vello, et al., :
        Respondents :

# ***ORDER***

***PER CURIAM***

AND NOW, this 18th day of May, 2026, it is ORDERED that the Petition for Review filed by Petitioner Nicholas Edwards is DISMISSED, with prejudice, for lack of jurisdiction. It further is ORDERED that Petitioner's Motion for Preliminary Injunction and Respondents' Preliminary Objections are DISMISSED, as moot.